Case 4:20-cv-00541-BRW   Document 2   Filed 05/20/20   Page 1 of 7

ELECTRONICALLY FILED
Jefferson County Circuit Court
Lafayette L. Woods, Circuit Clerk
2020-Apr-08 10:11:10
35CV-20-309
C11WD05 : 5 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
___ DIVISION

**LORETTA ALEXANDER**                                                         **PLAINTIFF**

V.                          Case No. _____

**THE PINE BLUFF SCHOOL
DISTRICT**                                                          **DEFENDANT**

## COMPLAINT

COMES NOW Plaintiff, Loretta Alexander, by and through her attorneys, Cox, Sterling, McClure & Vandiver, PLLC, and for her Complaint, states:

1. Plaintiff is a resident of Jefferson County, Arkansas.

2. Plaintiff works under Dr. Michael Nellums at Pine Bluff High School, which is a school under the Pine Bluff School District in Jefferson, County, Arkansas.

3. Dr. Michael Nellums is the principal of Pine Bluff High School. The Pine Bluff School District is a school district operating in Jefferson County, Arkansas.

4. Plaintiff brings this action for violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), and Arkansas Civil Rights Act of 1993 (the "ACRA"), Ark. Code Ann. §16-123-101, *et seq.*, for retaliation for having complained of sex discrimination.

5. Plaintiff filed a Charge of Discrimination against Pine Bluff High School with the Equal Employment Opportunity Commission (the "EEOC"), Charge No. 493-2019-01943, charging Pine Bluff High School with, *inter alia*, retaliation for asserting rights under Title VII and the ACRA. By notice dated January 9, 2020, Plaintiff was notified by the EEOC of her right to file a civil action against Pine Bluff High School, which is ran by the Pine Bluff School

District. A copy of the right-to-sue letter has been attached as Exhibit "A" and is incorporated by reference herein.

6. The events leading to this Complaint all occurred in Jefferson County, Arkansas.

7. Plaintiff has been an exemplary teacher at Pine Bluff High School for many years.

8. Her daughter, Dr. Celeste Alexander, had previously been employed at Pine Bluff High School.

9. Dr. Michael Nellums is the current principal of Pine Bluff High School over Plaintiff. He was also the acting principal when Dr. Celeste Alexander was a teacher at Pine Bluff High School.

10. Dr. Nellums regularly sexually harassed Dr. Celeste Alexander while she was employed by Pine Bluff High School, and he eventually terminated her when she refused his advances. Despite Dr. Nellums' continual campaign of lies against Dr. Celeste Alexander, she sued him because of his conduct and survived summary judgment prior to receiving a settlement.

11. Individuals working with the Pine Bluff School District, as well as the surrounding community, are aware of Dr. Nellums' behavior toward women. He has been sued by other women for the same behavior he exhibited toward Dr. Celeste Alexander.

12. Before, during, and after the lawsuit against Dr. Nellums for inappropriate behavior, Plaintiff confronted Dr. Nellums to complain about the discriminatory behavior Dr. Nellums was exhibiting toward Dr. Celeste Alexander and others.

13. Plaintiff also complained to her superiors and the Pine Bluff School District about Dr. Nellums discriminatory behavior toward Dr. Celeste Alexander and other female teachers at Pine Bluff High School.

14. After Plaintiff made this complaint, Dr. Nellums began to retaliate against her. Dr. Nellums had previously recognized Plaintiff as a superior teacher in front of the entire school.

Nevertheless, he began to describe her as a poorly qualified teacher after she began to report his misconduct.

15. Dr. Nellums, acting in his position as an employee of the Pine Bluff School District, also demoted Plaintiff.

16. Plaintiff asked to schedule meetings to address these activities, but Dr. Nellums refused to attend any meetings.

17. Dr. Nellums later made statements to the Arkansas Department of Education that Plaintiff had an inappropriate relationship with a board member of the Pine Bluff School District in an attempt to intimidate Plaintiff.

18. Dr. Nellums falsely accused Plaintiff of spreading lies about him in an attempt to get Plaintiff to leave her position.

## CAUSE OF ACTION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

20. Notwithstanding Plaintiff's work history and dedication to the Pine Bluff School District, she was demoted because she complained about Dr. Nellums' discriminatory behavior toward female employees.

21. Plaintiff was engaging in an activity protected under federal law when she spoke to her superiors and the school board and made the actions of Dr. Nellums known. This intent and the communications were documented multiple times. Plaintiff was demoted after engaging in protected activity.

22. Dr. Nellums' and the Pine Bluff School District's stated reason for the decision to demote Plaintiff were pretext to hide the retaliation.

23. Notwithstanding Plaintiff's work history and dedication, Dr. Nellums and the Pine Bluff School District demoted Plaintiff because of her engagement in protected activity.

24. As a result of Dr. Nellums' and the Pine Bluff School District's actions, Plaintiff has suffered damages.

## CAUSE OF ACTION
## VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT OF 1993

25. Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

26. Notwithstanding Plaintiff's work history and dedication to the Pine Bluff School District, she was demoted because she complained about Dr. Nellums' discriminatory behavior toward female employees.

27. Plaintiff was engaging in an activity protected under federal law when she spoke to her superiors and the school board and made the actions of Dr. Nellums known. This intent and the communications were documented multiple times. Plaintiff was demoted soon after engaging in protected activity.

28. Dr. Nellums' and the Pine Bluff School District's stated reason for the decision to demote Plaintiff were pretext to hide the retaliation.

29. Notwithstanding Plaintiff's work history and dedication, Dr. Nellums and the Pine Bluff School District demoted Plaintiff because of her engagement in protected activity.

30. As a result of Dr. Nellums' and the Pine Bluff School District's actions, Plaintiff has suffered damages.

31. Plaintiff respectfully requests a trial by jury on all issues of fact arising herein.

WHEREFORE, Plaintiff prays for judgment against Defendant, for post-judgment interest, for punitive damages for malice and reckless indifference to federal and state rights, for

compensatory damages for pecuniary loss, emotional pain and suffering, inconvenience, and mental anguish, for her costs expended in this action, for reasonable attorneys' fees, and for all other just and proper relief to which she may be entitled.

                                    Respectfully Submitted,

By:    */s/ Dylan J. Botteicher*
       Dylan J. Botteicher (ABN 2017170)
       COX, STERLING, MCCLURE &
       VANDIVER, PLLC
       8712 Counts Massie Rd.
       North Little Rock, AR 72113
       T: (501) 954-8073
       F: (501) 954-7856
       E: djbotteicher@csmfirm.com
       *Attorney for the Plaintiff*

Case 4:20-cv-00541-BRW   Document 2   Filed 05/20/20   Page 6 of 7

ELECTRONICALLY FILED
Jefferson County Circuit Court
Lafayette L. Woods, Circuit Clerk
2020-Apr-08 10:11:10
35CV-20-309
C11WD05 : 2 Pages

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Loretta B. Alexander<br>6001 S. Cedar Street<br>Pine Bluff, AR 71603 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2019-01943 | Rodney E. Phillips,<br>Investigator | (501) 324-6473 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

/s/ William A. Cash, Jr.

JAN 0 9 2020

| Enclosures(s) | William A. Cash, Jr.,<br>Area Office Director | *(Date Mailed)* |
|---|---|---|

cc:
| Jeremy Owoh<br>Superintendent<br>PINE BLUFF SD<br>P. O. Box 7678<br>Pine Bluff, AR 71601 | Cody Kees<br>Attorney<br>BEQUETTE, BILLINGSLEY<br>425 W. Capitol Ave. Ste 3200<br>Little Rock, AR 72201 | Melanie J. McClure<br>Attorney<br>COX, STERLING, MCCLURE<br>8712 Counts Massie Road<br>North Little Rock, AR 72113 |
|---|---|---|

EXHIBIT A

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within **90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT A